UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY V. PAYNE,

        Petitioner,

                                    CIVIL NO. 14-cv-11427
v.                                HONORABLE GERSHWIN A. DRAIN
                                    UNITED STATES DISTRICT COURT

DUNCAN MACLAREN,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

### I. INTRODUCTION

Gregory V. Payne, ("Petitioner"), confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for four counts of first-degree criminal sexual conduct, M.C.L. § 750.520b(1)(b), and two counts of second-degree criminal sexual conduct, M.C.L. § 750.520c(1)(b). For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

### II. BACKGROUND

Mr. Payne was convicted following a jury trial in the Macomb County Circuit Court. Mr. Payne's conviction was affirmed on direct appeal. *People v. Payne,* No. 296638, 2012 WL 1367537 (Mich. Ct. App. April 19, 2012), *lv den* 493 Mich. 857, 820 N.W.2d 784 (2012).

On March 7, 2013, Mr. Payne filed a post-conviction motion for relief from judgment with the Macomb County Circuit Court, which remains pending with that court.

On December 10, 2013, Petitioner filed a petition for writ of habeas corpus, in which he seeks relief on the following grounds:[1]

I.  The Petitioner, Gregory V. Payne, is currently imprisoned pursuant to a conviction obtained through the use of a "coerced confession" and its amendment.

II. The Petitioner, Gregory V. Payne's attorney's performance was deficient, thus making "counsel ineffective," in violation of the Sixth and Fourteenth Amendments.

III. The Petitioner, Gregory V. Payne, is actually innocent and as is demonstrated in this … issue, it is proven that in light of all the reliable evidence that was not presented at trial, it is more likely than not that no reasonable juror would have convicted the Petitioner.  The errors by Petitioner's attorney, by "not" introducing the following evidence, worked to the actual and substantial disadvantage of the Petitioner.  Petitioner's subsequent and current incarceration is therefore violative of due process as enumerated in the Fourteenth Amendment of the Constitution of the United States.

---

[1] Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on December 10, 2013, the date that it was signed and dated. *See Fugate v. Booker,* 321 F.Supp.2d 857, 859, n.2 (E.D. Mich. 2004).

    IV.    The trial judge, David F. Viviano abused his discretion when he did not allow the Petitioner, Gregory V. Payne, to remove his court-appointed attorney or represent himself, thus violating Article 1, Section 13 of the Constitution of Michigan of 1963 and the Fourteenth Amendment of the Constitution of the United States.[2]

Respondent has filed a Motion for Summary Judgment on the grounds that the petition contains claims which have yet to be properly exhausted with the state courts.

### III. **DISCUSSION**

The instant petition is subject to dismissal because it contains claims that have yet to be properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

---

[2] Mr. Payne appears to have numbered his issues as Issues I, II, VI, and IX. The Court will follow respondent's example and renumber them as Issues I-IV.

Mr. Payne's first claim involving his coerced confession has yet to be properly exhausted in the state courts. Petitioner mentioned briefly in his *pro se* Standard 4 brief before the Michigan Court of Appeals that Secret Service Special Agent Mark O'Riordan violated his due process rights when he told Mr. Payne what to write down in his statement to the agent. Mr. Payne, however, never developed this claim in his brief or cited to any federal cases or constitutional provisions. Mr. Payne did not even specifically argue that Agent Riordan had coerced a confession out of him. A habeas petitioner's "sporadic and undeveloped allusions" to a claim do not satisfy the exhaustion requirement. *See Vasquez v. Jones,* 496 F. 3d 564, 568 (6th Cir. 2007). Although Mr. Payne alleged that Agent O'Riordan had violated his due process rights, Petitioner did not specifically allege that Agent O'Riordan had coerced his confession or violated his Fifth Amendment right against self-incrimination.[3]

General allegations of the denial of rights to a fair trial and due process do not fairly present claims that specific constitutional rights were violated so as to satisfy the exhaustion requirement. *See McMeans v. Brigano,* 228 F. 3d 674, 681 (6th Cir. 2000). Because Mr. Payne's coerced confession claim was raised in only a conclusory fashion on his appeal before the Michigan Court of Appeals, this is insufficient to satisfy the exhaustion requirement. *See e.g. Hammock v. Walker,* 224 F.Supp.2d 544, 548 (W.D.N.Y. 2002); *see also Green v. Howes*, No. 06-CV-10898, 2007 WL 216136, at *2 (E.D. Mich. January 26, 2007).

---

[3] *See* Mr. Payne's Supplemental Brief on Appeal [#11].

Although Mr. Payne subsequently raised a coerced confession claim in his application for leave to appeal to the Michigan Supreme Court,[4] this would be insufficient to exhaust this claim for habeas purposes. Raising a claim for the first time before the state courts on discretionary review does not amount to a fair presentation of the claim to the state courts for exhaustion purposes. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because Mr. Payne failed to adequately present his coerced confession claim on his direct appeal with the Michigan Court of Appeals, his subsequent presentation of this claim to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. See *Skinner v. McLemore,* 425 Fed.Appx. 491, 494 (6th Cir. 2011); *Farley v. Lafler*, 193 Fed.Appx. 543, 549 (6th Cir. 2006). Petitioner's first claim is unexhausted.

A portion of Mr. Payne's second claim, in which he raises numerous allegations of ineffective assistance of trial counsel, is also unexhausted. Although Mr. Payne's appellate counsel raised several ineffective assistance of trial counsel claims in his brief on appeal,[5] and Mr. Payne raised additional several ineffective assistance of counsel claims in his Standard 4 brief, there are several ineffective assistance of trial counsel claims that were not raised by either appellate counsel or Mr. Payne on Petitioner's direct appeal. Mr. Payne's claims that counsel was ineffective for failing to move for a hearing to challenge the voluntariness of his statement to Agent O'Riordan, that counsel failed to interview or contact witnesses, that counsel was constructively absent from trial, and that he failed to move for a mistrial do not appear to have been raised by Mr.

---

[4] *See* Mr. Payne's Application for Leave to Appeal to the Michigan Supreme Court, p. 7 [#10].

[5] *See* Brief on Appeal [#10].

5

Payne or his appellate counsel on Petitioner's direct appeal before either the Michigan Court of Appeals or the Michigan Supreme Court.

A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F.3d 247, 253 (8th Cir. 1995) (*quoting Tippitt v. Lockhart,* 903 F.2d 552, 554 (8th Cir. 1990). Because some of Mr. Payne's ineffective assistance of counsel claims that he raises in his petition are different than the ineffective assistance of trial counsel claims raised in Petitioner's direct appeal, these ineffective assistance of trial counsel claims were not fairly presented to the Michigan appellate courts, for exhaustion purposes. *See Caver v. Straub,* 349 F.3d 340, 346-47 (6th Cir. 2003) (citing to *Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)); *see also Brandon v. Stone,* 226 Fed.Appx. 458, 459 (6th Cir. 2007).

Finally, Mr. Payne's third claim alleging actual innocence was never presented to either the Michigan Court of Appeals or the Michigan Supreme Court on direct appeal. Petitioner is required to present his actual innocence claim to the state courts before a federal court can consider such a claim on habeas review. *See e.g. Howard v. Wolfe,* 199 Fed.Appx. 529, 532 (6th Cir. 2006); *Cammuse v. Morgan,* 105 Fed.Appx. 667, 669 (6th Cir. 2004).

Mr. Payne's habeas application is also subject to dismissal because Petitioner has a post-conviction motion that remains pending in the Macomb County Circuit Court concerning the convictions challenged in this petition. The general rule is that a habeas petition should be denied on exhaustion grounds where the Petitioner's post-conviction motion remains pending in the state courts. *See Juliano v. Cardwell*, 432 F.2d 1051,

1051 (6th Cir. 1970). Petitioner must complete his state post-conviction proceedings before seeking habeas relief in this Court. *See Humphrey v. Scutt*, No. 08–CV–14605, 2008 WL 4858091, at *1 (E.D. Mich. November 5, 2008); *Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. December 20, 2007).

Even if Mr. Payne had already exhausted all of the claims that he raises in his current petition on direct appeal, this would not be enough to satisfy the exhaustion requirement of of 28 U.S.C. §§ 2254(b) and (c). When an appeal of a state criminal conviction is pending in the state courts, as is the case here, "a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983). The rationale behind this rule is that even if the federal constitutional question raised by a habeas corpus petitioner cannot be resolved by the state courts in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting any federal question. *Id., see also Woods v. Gilmore,* 26 F.Supp.2d 1093, 1095 (C.D. Ill. 1998); *Garrett v. Larson,* 2:13–CV–11339, 2013 WL 1681258, at *2 (E.D. Mich. April 17, 2013); *Szymanski v. Martin,* No. 99-CV-76196-DT, 2000 WL 654916, at *2 (E.D. Mich. April 13, 2000). Mr. Payne's claims, even if fully exhausted, are premature and must be dismissed on the grounds that Petitioner has failed to exhaust his state court remedies. *Sherwood,* 716 F.2d at 634; *Garrett,* 2:13–CV–11339, 2013 WL 1681258, at *2.

A district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims in order to allow the Petitioner to present his

unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 544 U.S. 269 (2005). There, however, does not exist any exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending Petitioner's return to the state courts to exhaust his claims. The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 24, 2012. However, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one-year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Because Mr. Payne did not seek a writ of certiorari with the United States Supreme Court, Petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on December 23, 2012. *See Grayson v. Grayson*, 185 F.Supp.2d 747, 750 (E.D. Mich. 2002).

      Petitioner filed his post-conviction motion for relief from judgment with the state courts on March 7, 2013, after only a little more than two months had elapsed under the statute of limitations. The one-year period continues to be tolled until Petitioner completes his post-conviction appeals in the Michigan Court of Appeals and the Michigan Supreme Court. *See Carey v. Saffold*, 536 U.S. 214, 220-21 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003); 28 U.S.C. § 2244(d)(2). Because

Mr. Payne has almost an entire year remaining under the limitations period, which would remain tolled during the pendency of petitioner's state post-conviction proceedings, Petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for Mr. Payne's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). Accordingly, the Court will dismiss the instant petition without prejudice.

The Court will also deny Mr. Payne's Motion for the Appointment of Counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). In light of the fact that Petitioner has failed to exhaust his state court remedies, he is not entitled to the appointment of counsel to assist him with his habeas petition. *See e.g. Dupree v. Jones*, 281 Fed.Appx. 559, 561 (7th Cir. 2008).

The Court will likewise deny Mr. Payne's Motion for Release on Bond. To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *see also Nash v. Eberlin,* 437 F.3d 519, 526, n.10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F.2d 204, 208 (6th

9

Cir. 1984). By implication, a federal court should not grant bail under other circumstances. In addition, it is improper to admit a habeas petitioner to bail prior to the exhaustion of state remedies absent the showing of extraordinary circumstances. *Lucas v. Hadden*, 790 F.2d 365, 367-68 (3d Cir. 1986). Accordingly, the Court will deny Petitioner's request for release on bond.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue. An appeal of the district court's order may then be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that Petitioner's habeas petition is subject to dismissal on exhaustion grounds. *See e.g. Colbert v. Tambi,* 513 F.Supp.2d 927, 939 (S.D. Ohio 2007).

The Court will also deny Petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *Myers v. Straub,* 159 F.Supp.2d 621, 629 (E.D. Mich. 2001).

## IV. CONCLUSION

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

The Court further **DENIES** the motion for the appointment of counsel [#2].

The Court further **DENIES** the motion for release on bond. [#8].

The Court further **DENIES** a certificate of appealability.

The Court further **DENIES** Petitioner leave to appeal *in forma pauperis.*

**IT IS SO ORDERED.**

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
UNITED STATES DISTRICT COURT

Dated: November 26, 2014